UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-62741-DPG-GAYLES/SELTZER

IT'S A NEW 10, LLC,

    Plaintiff,

v.

JULES HARRIS,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

## BACKGROUND

Plaintiff It's a New 10, LLC ("IANT") has filed this action against Defendant Jules Harris ("Harris") asserting Harris issued a fraudulent information return to IANT in violation of 26 U.S.C. § 7434. Harris began working for It's a 10, Inc. ("IAT") in November 2008. In January 2017, IANT acquired IAT. Harris continued to work for the company. Just after the acquisition, Carolyn Aronson ("Aronson"), one of two equal shareholders of IAT, gave Harris the keys and title to a new Mercedes Benz automobile (the "Automobile"). According to the Amended Complaint, IANT gave Harris the Automobile as a reward for her years of service to IAT and for her help with the acquisition. In addition, IANT alleges that it intended to provide Harris with a means of transportation for her commute to IANT's offices.

Harris resigned from IANT in April 2017. IANT then issued an IRS Tax Form 1099-MISC (the "First 1099") to Harris for the 2017 taxable year. The First 1099 reported $141,917 in non-employee compensation, of which $114,000 represented the value of the Automobile.

[ECF No. 5, ex. A]. Harris, believing that IANT should not have issued the First 1099, retaliated by issuing a 1099-MISC (the "Second 1099") to IANT for $114,000. [ECF No. 5, ex. B]. IANT alleges that the Second 1099 is fraudulent because IANT did not provide any services to Harris and Harris did not make any payments to IANT.

On November 13, 2018, IANT filed an Amended Complaint against Harris alleging that Harris willfully issued a fraudulent IRS Tax Form. Harris has moved to dismiss arguing failure to state a claim and failure to join Aronson and the Carolyn Plummer Living Trust (the "Trust") as indispensable parties. In support, Harris filed her own declaration which disputes the allegations in the Amended Complaint and attaches the Notice of Sale and Certificate of Title for the Automobile (the "Title Documents"). The Title Documents list the Trust as the seller of the Automobiles and denote the selling price as "-0-Gift." [ECF No. 8-1].

## ANALYSIS

### I. The Amended Complaint Adequately Alleges a Claim

Harris argues that IANT has failed to adequately allege a claim pursuant to § 7434. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant –unlawfully-harmed-me accusations." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

To state a claim for fraudulent filing of an information return under 26 U.S.C. § 7434, IANT must allege: (1) Harris issued an information return; (2) The information return was

fraudulent; and (3) Harris acted willfully.  *See Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297 (S.D. Fla. 2014) (citing *Seijo v. Casa Salsa, Inc.*, No. 12-60892-CIV, 2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013)).

The Court finds that IANT has adequately alleged its claim under § 7434.  IANT alleged that Harris willfully issued the Second 1099 to IANT despite knowing that she did not provide payments or services to IANT valued at $114,000.  Harris attempts to refute the validity of IANT's allegations and the First 1099 via her declaration and the Title Documents.  While these documents might refute IANT's allegations on a motion for summary judgment, at this stage of the proceedings, the Court must accept IANT's allegations in the Amended Complaint as true.  Accordingly, the motion to dismiss for failure to state a claim is denied.

## II.     Joinder of Aronson and the Trust Is Not Required

Harris also argues that the Amended Complaint should be dismissed, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join Aronson and the Carolyn Plummer Living Trust as parties.  Dismissal under Rule 12(b)(7) is a two-part inquiry.  First, the party moving to dismiss an action for failure to join an indispensable party must establish that the absent party is a "required" party as defined by Rule 19(a).  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1334 (11th Cir. 2011).  "Generally, an absent party is not required simply because its joinder would be convenient to the resolution of the dispute."  *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F. Supp. 3d 1255, 1266 (M.D. Fla. 2014).  Instead, an absent party is required where (1) the court cannot accord complete relief among the existing parties; (2) prejudice would result to the absent party's ability to protect itself in the instant action; or (3) the nonparty's absence would create a substantial risk that the existing parties would incur inconsistent or duplicative obligations.  *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 682-83 (S.D. Fla. 2014); *see also City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300,

1305 (11th Cir. 1999). Second, if the court determines that the absent party is required, it "must order that party joined if its joinder is feasible." *Raimbeault*, 302 F.R.D. at 682; *see also* Fed. R. Civ. P. 19(a)(2). Conversely, if the court determines the absent party is *not* required under Rule 19(a), the lawsuit continues. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

Despite Harris's assertions, Aronson and the Trust are not indispensable parties under Rule 19(a). The only issues in this action are whether the Second 1099 was fraudulent and whether Harris acted with the requisite intent. The Court can make this determination and afford complete relief to the parties without joining Aronson or the Trust.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [ECF NO. 8] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this Tuesday, February 05, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE