UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-62741-RUIZ/STRAUSS

IT'S A NEW 10, LLC,

    Plaintiff,
v.

JULES HARRIS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon It's a New 10, LLC's ("Plaintiff's") Renewed Verified Motion for Attorneys' Fees and Costs ("Renewed Motion") (DE 44). The Renewed Motion has been referred to the undersigned for full disposition (DE 45; DE 50) pursuant to 28 U.S.C. § 636(b) and the Magistrate Rules of the Local Rules for the United States District Court for the Southern District of Florida. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART and DENIED IN PART**.

I.    BACKGROUND

On November 9, 2018, Plaintiff filed a single-count Complaint (DE 1) and amended it on November 13, 2018 (DE 5) alleging that Defendant, Jules[1] Harris ("Defendant"), fraudulently and willfully issued an Internal Revenue Service ("IRS") Form 1099-MISC, Miscellaneous Income (1099-MISC), reporting $114,000.00 of income for Plaintiff for the 2017 tax year.[2] The

---

[1] The initial Complaint (DE 1) and the docket incorrectly reflect Defendant as "Julie" Harris.

[2] The Court notes that IRS rules require the issuer of a 1099-MISC to notify the recipient of the payment(s) the issuer is reporting. *See* https://www.irs.gov/pub/irs-prior/f1099msc--2017.pdf (stating that "Copy B and other copies of this form, which appear in black, may be downloaded and printed and used to satisfy the <u>requirement to provide the information to the recipient</u>")

Amended Complaint alleged that Defendant issued the 1099-MISC in retaliation for Plaintiff reporting $114,000.00 in payment(s) to Defendant via a 1099-MISC. (DE 5). The Defendant had issued that 1099-MISC as a consequence of an automobile gift to Defendant that Plaintiff claimed was reportable as an employer gift to Defendant. *Id*. Further, Plaintiff alleged it had sent letters to Defendant on February 14, 2018, and on March 9, 2018, requesting correction of Defendant's erroneous issuance of a 1099-MISC to Plaintiff, and Defendant had failed to respond as of the date of the Amended Complaint. *Id.* Defendant filed a Motion to Dismiss this Matter (DE 8) on December 15, 2018, which the District Court denied on February 5, 2019 (DE 14). On July 16, 2019, the parties filed a Joint Stipulation of Dismissal with Prejudice ("Joint Stipulation") (DE 31)[3] and a Joint Motion for Entry of Order of Dismissal with Prejudice (DE 32). On August

---

(emphasis added).

[3] The parties' Joint Stipulation (DE 31) stated:

> Defendant agrees to cancel, withdraw and otherwise revoke the Form 1099-MISC ("Defendant's 1099") that she issued to [Plaintiff] for the 2017 tax year (a copy of which is attached to the Amended Complaint in this case as Exhibit B). This includes taking whatever steps are necessary to notify the IRS and any other governmental agency that Defendant's 1099 was issued in error and should be disregarded, and to cause a full and complete retraction of Defendant's 1099. Defendant also agrees to provide [Plaintiff] with all documentation needed to confirm that Defendant's 1099 has been cancelled, withdrawn or otherwise revoked. To the extent that Defendant's 1099 was never filed with the IRS or other governmental agency, then Defendant shall provide [Plaintiff] with a sworn written statement confirming that such is the case . . .
>
> The parties agree that [Plaintiff] is the prevailing party in this action, including for purposes of any future petition for an award of prevailing party attorneys' fees. [Plaintiff] reserves its right to file a motion seeking recovery of its attorneys' fees and costs should it desire to do so. However, the Parties recognize and acknowledge that, pursuant to 26 U.S.C. §7434(b)(3), an award of attorneys' fees is left to the Court's discretion.

(DE 31 at ¶¶ 1, 4).

5, 2019, following correction of a scrivener's error, the District Court entered an Amended Order Dismissing Case with Prejudice (DE 35).  On August 16, 2019, Plaintiff filed a Bill of Costs (DE 36), and on September 12, 2019, Plaintiff filed its Verified Motion for Attorney's Fees and Costs (DE 37).  On November 7, 2019, Defendant filed a Suggestion of Bankruptcy stating that Defendant had filed a petition under Title 11, U.S. Code in the United States Bankruptcy Court, Southern District of Florida, on October 4, 2019, under Case No. 19-23401 (DE 42).  The Court then denied without prejudice Plaintiff's motions for fees and costs (DE 36; DE 37) subject to refiling if and when the stay was lifted (DE 43).  On December 6, 2019, Plaintiff filed its Renewed Motion (DE 44) stating that the U.S. Bankruptcy Court for the Southern District of Florida entered an Order lifting the stay for Plaintiff to pursue its motion for fees and costs in the instant case.  *Id.* at 1-2 (citing *In Re: Jules A. Harris*, No. 19-23401 (Bankr. S.D. Fla. Nov. 19, 2019), ECF No. 21).  Defendant then responded (DE 48), and Plaintiff replied (DE 49).  Accordingly, Plaintiff's Renewed Motion (DE 44) is ripe for review.

II.    LEGAL STANDARDS

Title 26 U.S.C. § 7434 provides, in relevant part:

(a) In general.--If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

(b) Damages.--In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

3

26 U.S.C. § 7434(a) and (b).

III.   DISCUSSION

   A.   Entitlement

Here, Plaintiff is entitled to recover its reasonable attorneys' fees and costs. Defendant argues that Plaintiff's Renewed Motion should be denied because she did not file the 1099-MISC form with the IRS that she issued to Plaintiff (DE 48 at 1-3). [4] Nonetheless, Defendant acknowledged Plaintiff as the prevailing party in settling this matter (DE 31 at ¶ 4). Furthermore, awarding attorneys' fees in this case is consistent with Congress's intent. Congress enacted § 7434 to address those "defrauding the IRS or harassing taxpayers" by maliciously reporting false payments. *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F. Supp. 3d 648, 653–54 (E.D. Va. 2016) (quoting H.R. Rep. No. 104-506, at 35, (1996), reprinted in 1996 U.S.C.C.A.N. 1143, 1158 (hereinafter, H.R. Report)). Congress was also concerned with "abusive litigation practices" and thus explicitly stated that actions brought under § 7434 would be subject to Rule 11 of the Federal Rules of Civil Procedure. H.R. Report at 35. Although the Report discusses Rule 11 in the context of a plaintiff's frivolous claim, abusive litigation practices may include a defendant unreasonably prolonging litigation. H.R. Report at 35; s*ee also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("[W]hile the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct . . ., many of the other mechanisms permit a court to impose attorney's fees as a sanction for conduct which merely fails to meet a reasonableness standard. Rule 11, for example, imposes an objective standard of reasonable inquiry which does not mandate a finding of bad

---

[4] Defendant wholly objects to an award of Plaintiff's reasonable attorneys' fees and provides no specific objections to any of Plaintiff's fees and costs requests. *Id.*

faith."). Accordingly, given the purpose of the statute, the many opportunities that Defendant had to resolve this matter without Court involvement by communicating that she did not (and would not) file the 1099-MISC form, and considering that Defendant acknowledged Plaintiff as the prevailing party in the underlying action brought under the statute, the undersigned finds Defendant's argument unavailing.

B. Reasonableness

1. Reasonableness of Fees

The Court uses the lodestar method to determine the reasonableness of fees. The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A fee applicant bears the burden of demonstrating entitlement and providing appropriate documentation regarding the appropriate hourly rates and the time expended. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "[The] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. As to the number of hours expended, counsel's records should allow for the district court's assessment of the time claimed for each activity by reflecting the time spent on different claims and by sufficiently describing the subject matter of the time expenditures. *Id.* at 1303. Furthermore, "[t]he court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at 1303.

Here, Plaintiff requests $55,975.23 for attorneys' fees and $510.00 for costs (DE 44 at 8, 10). A fee summary derived from billing invoices submitted is shown below reflecting rates,

5

hours, and amounts billed by attorney and paralegal before and after an across-the-board 15% discount was applied:

Summary by Attorney/Paralegal[5]:

| O'Sullivan[6] | Sternberg | Homer IV[7] | Garcia | Cata |
|---|---|---|---|---|
| 2018: $925/hour 2019: n/a | 2018: $750/hour 2019: $810/hour | 2018: $425/hour 2019: $445/hour | 2018: $390/hour 2019: $445/hour | 2018: $390/hour 2019: $445/hour |
| 3.7 hours | 45.2 hours | 29.5 hours | 31 hours | 2 hours |
| Amount: $3,422.50 | Amount: $35,826.00 | Amount: $12,843.50 | Amount: $13,470.50 | Amount: $ 862.50 |
| After Discount $2,909.13 | After Discount $30,452.10 | After Discount $10,916.98 | After Discount $11,449.93 | After Discount $ 733.13 |
| Blended Rate[8] $786.25/hour | Blended Rate $673.72/hour | Blended Rate $370.02/hour | Blended Rate $369.35/hour | Blended Rate $366.57/hour |

The discounted fees reflected above total $56,461.27, which is $486.04 greater than the Renewed Motion seeks. Plaintiff did not provide a summary of totals by attorney and paralegal, and the undersigned was not able to reconcile the difference between the submitted invoices and

---

[5] Ms. Garcia and Ms. Cata are Senior Paralegals (DE 44-1 at 13).

[6] Mr. O'Sullivan has more than 25 years of experience litigating a wide range of complex commercial matters. *See* https://www.hoganlovells.com/en/john-osullivan (last visited Mar. 31, 2020).

[7] Mr. Homer IV received his law degree from Florida State University in 2018 and was admitted that year to the Florida Bar. *See* https://www.hoganlovells.com/en/homer-william (last visited Mar. 31, 2020). *See also* https://www.floridabar.org/directories/find-mbr/profile/?num=1011341 (last visited Mar. 31, 2020).

[8] This rate results after calculating a weighted average of the rates and the hours for years 2018 and 2019 and then applying a 15% discount.

the total amount of fees that Plaintiff requests. Therefore, the Court proceeds by discussing the fees as they are depicted above.

In support of the Renewed Motion, Plaintiff provides the Declaration of Robert C. Josefsberg Regarding Reasonable Attorney's Fees (DE 44-1). Mr. Josefsberg is a Senior Partner at Podhurst Orseck, P.A. in Miami, Florida and has been a member of The Florida Bar since 1962. *Id.* at ¶ 2. Among many honors, Mr. Josefsberg is the past President and Dean of the International Academy of Trial Layers. *Id.* at ¶ 3. He has also served as an expert witness regarding attorney's fees and costs recovery in several cases in Florida's state and federal courts. *Id.* at ¶ 5. Mr. Josefsberg opines that the approximate 95 hours Plaintiff's counsel billed from October 1, 2018 through June 30, 2019, is reasonable for this litigation, as are the individual billing rates of each timekeeper at an estimated $596 blended hourly rate.[9] *Id.* at ¶¶ 11-13.

Additionally, Attorney Jason D. Sternberg provides a declaration, (DE 44-2), and states that he has practiced law since 2009 and practices currently in the areas of commercial and intellectual property litigation. *Id.* at ¶¶ 2-3. He has been a member of The Florida Bar since 2009 and is admitted to practice before the United States Supreme Court and the Eleventh and Federal Circuits as well as the United States District Courts for the Southern, Middle, and Northern Districts of Florida. *Id.* at ¶ 2. Mr. Sternberg attests that he supervised the work performed for this case and reviewed all billing records pertaining to fees and costs. *Id.* at 4. He further attests that all of the hours worked were necessary and that the rates charged, and services rendered were reasonable. *Id.* at ¶¶ 4, 10, 15.

---

[9] Mr. Josefsberg further attests that attorneys' fees in the amount of $55,975.23 is reasonable in this case. The undersigned notes that 95 hours multiplied by $596 per hour equals $56,620.00.

a.     Reasonableness of Rates Charged

The Court finds that attorneys' hourly rates are justified, but the paralegal hourly rates are too high.  Even in the absence of specific objections from opposing counsel, the Court is obligated to determine the reasonableness of amounts charged.  *See Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").  While the declarations submitted attest generally to the reasonableness of all the hourly rates charged, they do not include information about what is charged by others in the marketplace by those with similar experience or for similar types of cases.  Furthermore, the declarations fail to provide information regarding the experience level of all timekeepers, including the Paralegals.  Moreover, the rates charged for paralegal work should not be the same rate that is charged by an attorney.

As far as the attorneys' hourly rates, the Court observes that the Eleventh Circuit has recently affirmed hourly rates ranging from $425 to $675 as reasonable for attorneys with eleven (11) to twenty-one (21) years of experience who are practicing in a firm providing services comparable to Plaintiff's counsel in this case.  *See Domond v. PeopleNetwork APS*, 2017 WL 5642463, at *3 (S.D. Fla. Nov. 14, 2017), *aff'd*, 750 F. Appx. 844 (11th Cir. 2018).  Considering the time lapse between the *Domond* litigation and the instant litigation, the Court determines that the discounted, blended hourly rates of $786.25, $673.72, and $370.02 for Messrs. O'Sullivan, Sternberg, and Homer IV respectively, are reasonable.

The Paralegals' hourly rates are $369.35 for Ms. Garcia and $366.57 for Ms. Cata.  While Mr. Josefsberg identifies them as Senior Paralegals, nothing was submitted regarding their experience nor was there any explanation as to why their discounted and blended hourly rate

approximates that of associate attorney, Mr. Homer IV. A more recent Southern District of Florida case involving commercial litigation and multiple counts found $150.00 per hour to represent a reasonable paralegal rate. *See Tobinick v. Novella*, No. 14-80781-CV, 2018 WL 6978637, at *5 (S.D. Fla. Nov. 20, 2018), *report and recommendation adopted*, No. 9:14-CV-80781, 2018 WL 6978629 (S.D. Fla. Dec. 6, 2018) (finding also that "the work performed by the[ ] paralegals was of a substantive nature and of the type normally performed by an attorney"). *See also Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (holding that the relevant market for attorney services and corresponding hourly rates is determined by where the case is filed) (citation omitted). Given that the lawsuit in *Tobinick* began in 2014, the undersigned concludes that a reasonable paralegal hourly rate in the present case would be $175.00. In making this assessment, the Court additionally considers that the instant litigation consisted of a one-count complaint that addressed the purported fraudulent filing of a 1099-MISC form. There is nothing novel or inherently complex about the case even though the Defendant's unwillingness to acknowledge in a timelier fashion that she did not, and would not, actually file the form prolonged the litigation to a certain extent. Therefore, the undersigned recommends adjusting both Paralegals' rates to $175.00 per hour. Accordingly, recoverable paralegal fees are calculated to be $5,775.00 ($175.00/hour multiplied by 33 hours) instead of the $12,183.06 Plaintiff requests.

                b.      Reasonableness of Hours Expended

The Court has reviewed the docket sheet, Plaintiff's filings, and counsel's redacted time entries (DE 44-2 at 8-73). Although not summarized in a manner useful for analyzing the time claimed for each major activity, the time entries are sufficiently described to allow for meaningful review, with only two exceptions as further set forth herein. Furthermore, the Court finds that the

tasks performed did not overlap, and the work recorded was both relevant and proportional to the litigation, except in the aforementioned two instances, which lack adequate description. Specifically, there was a complete redaction of the description for the entry of .60 hours for Mr. Sternberg on January 30, 2019. Therefore, no assessment of this entry is possible. Also, the description for the entry on May 20, 2019 of 1.90 hours that pertains to communications between Mr. Sternberg and certain named individual fails to specify any subject matter. Thus, it is not possible to determine how these communications progressed the litigation. Accordingly, the Court finds that these entries should not be credited to Mr. Sternberg, and a reduction of 2.50 hours to Mr. Sternberg's billing hours from 45.2 hours to 42.7 hours is appropriate to reduce his total fees from $30,452.10 to $28,767.84 (42.7 hours multiplied by $673.72/hour).

In total, the undersigned concludes that a total reduction in attorneys' fees of $8,092.32 ($6,408.06 pertaining to paralegal fees and $1,684.26 pertaining to Mr. Sternberg's billings) is appropriate to address the above deficiencies. The Court deducts this amount from the billing entries' total of $56,461.27 to derive $48,368.95 as the recoverable amount of Plaintiff's attorneys' fees.

        2.        Reasonableness of Costs

Rule 54(d), Federal Rules of Civil Procedure, provides that "unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff is the prevailing party, and Defendant has not objected to the costs requested. Plaintiff seeks to tax $400 for fees of the Clerk, $65.00 for service of the summons, and $45.00 for fees for witnesses. "Fees of the clerk and marshal" may be taxed as costs. 28 U.S.C. § 1920(1). Likewise, costs for witnesses are taxable. 28 U.S.C. § 1920(3).

Plaintiff has submitted proof of the taxable costs (DE 44-2 at 70-82). Accordingly, the undersigned recommends that the district court tax $510.00 in favor of Plaintiff.

IV. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Renewed Motion (DE 44), be **GRANTED IN PART and DENIED IN PART**, and that Plaintiff be awarded costs of **$510.00** and attorneys' fees of **$48,368.95** calculated as follows for each timekeeper:

A. Mr. O'Sullivan - $2,909.13 (3.7 hours multiplied by $786.25 per hour);

B. Mr. Sternberg - $28,767.84 (42.7 hours multiplied by $673.72 per hour);

C. Mr. Homer IV - $10,916.98 (29.5 hours multiplied by $370.02 per hour);

D. Ms. Garcia - $5,425.00 (31 hours multiplied by $175.00 per hour);

E. Ms. Cata - $350.00 (2 hours multiplied by $175.00 per hour).

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida this 1st day of April 2020.

/s/ Jared Strauss
Jared M. Strauss
United States Magistrate Judge

Copies furnished to:

Hon. Rodolfo A. Ruiz, II
All Counsel of Record